**Ardale CALVIN et al.,**
**Plaintiffs-Appellants,**

v.

**James B. CONLISK, Jr., etc., et al.,**
**Defendants-Appellees.**

**No. 74–1289.**

United States Court of Appeals,
Seventh Circuit.

April 27, 1976.

Robert C. Howard, Martin H. Redish, Alexander Polikoff, Arthur R. Waddy, Chicago, Ill., for plaintiffs-appellants.

William R. Quinlan, Corp. Counsel, Richard F. Friedman, Asst. Corp. Counsel, Daniel Pascale, Asst. Corp. Counsel, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, PELL and TONE, Circuit Judges.

PER CURIAM.

On February 23, 1976, the Supreme Court granted certiorari with respect to our judgment entered pursuant to our opinion reported in 520 F.2d 1. Simultaneously, the Court vacated our judgment with costs and remanded the cause to us for further consideration in light of *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Upon remand, we requested supplemental briefs from the parties. After consideration of those briefs and analysis of the Supreme Court's decision in *Rizzo,* we affirm the order of the District Court.

It is unnecessary to reach the question of whether this case is distinguishable on the merits from *Rizzo,* because we conclude that plaintiffs lack the standing *Rizzo* has shown to be necessary.

■ The individual plaintiffs' conclusory allegations of the threat of renewed police misconduct [1] are not different in substance from those found wanting in *Rizzo* as "hypothetical" complaints about what some unknown policeman "might do to [the plaintiffs] in the future because of that unknown policeman's perception of departmental disciplinary procedures." [2] 423 U.S. at 372, 96 S.Ct. at 605, 46 L.Ed.2d at 570. See also *O'Shea v. Littleton,* 414 U.S. 488, 495–497, 94 S.Ct. 669, 675–676, 38 L.Ed.2d 674, 683–684 (1974), the applicability of which is made clear by *Rizzo,* 423 U.S. at 372, 96 S.Ct. at 604–605, 46 L.Ed.2d at 570. Absent specific allegations that the individual plaintiffs are threatened in a manner in which members of the public generally are not, those plaintiffs lack standing.

■ Application of *Rizzo* to the allegations here also defeats the standing of the organization plaintiffs. An organization "can have standing as the representative of its members only if it has alleged facts sufficient to make out a case or controversy

---

1. Plaintiffs allege (par. 4 of the complaint):

    "The following rights secured to these Plaintiffs and other persons by the Constitution and laws of the United States have been and will, unless Defendants are enjoined, continue to be violated by Defendants and their agents and employees: [listing constitutional rights]."

    Reading this as an allegation of future harassment specifically directed at plaintiffs would be "strain[ing] to read inappropriate meaning into the conclusory allegations" of the complaint. See *O'Shea v. Littleton,* 414 U.S. 488, 495–496, 94 S.Ct. 669, 675–676, 38 L.Ed.2d 674, 683 (1974). There are no specific allegations that distinguish the position of the individual plaintiffs here from that of the plaintiffs in *Rizzo* or *O'Shea v. Littleton,* 414 U.S. 488, 495–497, 94 S.Ct. 669, 675–676, 38 L.Ed.2d 674, 683–684 (1974), or the members of the plaintiff organizations in *Warth v. Seldin,* 422 U.S. 490, 516–

517, 95 S.Ct. 2197, 2214, 45 L.Ed.2d 343, 365 (1975).

2. Claims for damages against twelve policemen named as defendants in the case at bar are still pending before the District Court. The fact that twelve of the allegedly offending policemen were identified does not improve plaintiffs' standing as against the Superintendent of Police, the members of the Police Board, and the City of Chicago, who are the only appellees before us. The thrust of the complaint, as stated in our earlier opinion, is that the specific instances of police misconduct alleged are examples "of many similar occurrences . . . recurring over the course of many years." 520 F.2d at 3. The claims against the appellees before us relate, as did the claims before the court in *Rizzo,* to the exercise of supervisory authority over the entire police force, not to the specific past acts of the individual policemen.

 

had the members themselves brought suit." *Warth v. Seldin,* 422 U.S. 490, 516, 95 S.Ct. 2197, 2214, 45 L.Ed.2d 343, 365 (1975). Because under *Rizzo* the possibility of injury to any individual member of either organization is too remote to confer standing, the organizations lack standing to sue as representatives of their members.

■ The organizations' other alleged basis for standing, *viz.,* that they will incur expenses in processing claims of police misconduct unless the federal equity court intervenes, assuming this amounts to injury in fact,[3] is not within the zone of interests protected by the Fourteenth Amendment or 42 U.S.C. § 1983. See *Data Processing Service v. Camp,* 397 U.S. 150, 153–154, 90 S.Ct. 827, 829–830, 25 L.Ed.2d 184, 188 (1970); *Barlow v. Collins,* 397 U.S. 159, 164–165, 90 S.Ct. 832, 836–837, 25 L.Ed.2d 192, 198 (1970); and see generally Hart and Wechsler, *The Federal Courts and The Federal System* 151–157 (2d ed. 1973). Moreover, to allow standing on this basis would be to circumvent principles which the Supreme Court has carefully delineated and observed. It would leave nothing of the limitations imposed by the Court in *Sierra Club v. Morton,* 405 U.S. 727, 739, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636, 645 (1972). See also *Warth v. Seldin, supra,* 422 U.S. at 498–502, 95 S.Ct. at 2205–2207, 45 L.Ed.2d at 354–356. It would also give any organization with a particularized interest the right to bring suit in order to spare itself the expense of continued efforts to further that interest. The Sierra Club could have maintained its suit in order to avoid the future expense of attempting to police the encroachments upon the environment which would inevitably accompany the operation of the Mineral King Valley recreation project. An organization devoted to the defense of cases it believed to infringe civil liberties, could facially attack any statute touching on civil liberties in order to avoid the future expense of defending cases brought under the law. The effect would

be to undermine the prudential rules of standing.

Our ruling is without prejudice to the filing of an amended complaint by any plaintiff or plaintiffs in an attempt to satisfy the standing requirement of the *Rizzo* case. By this qualification of our affirmance, we do not imply that we have any opinion concerning whether it will be possible for any plaintiff to allege facts establishing such standing. We only wish to preserve any right to proceed which is undisturbed by *Rizzo.*

The order appealed from is affirmed. The case is remanded for further proceedings with respect to issues still pending in the District Court. On remand that court will amend the order in accordance with the preceding paragraph of this opinion.

AFFIRMED AND REMANDED.

---

**3.** The organizations' voluntary decision to assume the burden of processing these claims arguably breaks the causal chain between the defendants' conduct and the expenses incurred by the organizations in processing the claims.